UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TERRENCE BAKER,                               CASE NO.:

    **Plaintiff,**

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    **Defendant.**

_____/

## COMPLAINT

COMES NOW the Plaintiff, TERRENCE BAKER (herein "Plaintiff" or "YNIGO"), by and through their undersigned counsel, and sue the Defendant, CARNIVAL CORPORATION, a Panamanian Corporation d/b/a CARNIVAL CRUISE LINES (herein "Defendant" or "CARNIVAL"), and further states:

### JURISDICTIONAL ALLEGATIONS

1. This is a cause of action which is brought in the District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1333 and the forum selection clause of Plaintiff's passenger cruise ticket with Defendant, Section 12C.

2. This cause of action is for damages in excess of $75,000.

3. Plaintiff is a citizen and resident of the State of Maryland.

4. Defendant CARNIVAL CORPORATION doing business as CARNIVAL CRUISE LINES ("CARNIVAL,"), is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida. CARNIVAL is

  both a citizen of Panama and a citizen of Florida for purposes of determining subject matter jurisdiction over this action.

5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, based on diversity of citizenship. Plaintiff is a resident and citizen of Connecticut, while Defendant CARNIVAL is a citizen both of Panama and of Florida for jurisdictional purposes.

6.  At all material times, CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over CARNIVAL exists in the United States District Court for the Southern District of Florida.

7.  At all material times, CARNIVAL has been engaged in the business of operating maritime cruise vessels for paying passengers, including Plaintiff.

8.  In the operative ticket contract, CARNIVAL requires fare paying passengers such as Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district, so that venue is proper in this Court.

9.  Venue is also proper because CARNIVAL's principal place of business is located within this judicial district.

10.  Plaintiff has complied with all conditions precedent to bringing this action, including providing CARNIVAL with a written notice of claim as required by the ticket contract. A copy of the Notice of Intent correspondence is attached hereto as "Exhibit A."

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**.

11. At all material times, CARNIVAL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S SUNRISE ("SUNRISE"). (See attached Ticket as Exhibit B).

12. This was a five (5) day cruise which commenced on December 14, 2024.

13. On December 18, 2024, in the morning hours of day four (4), "Fun Day at Sea," Plaintiff, BAKER, was enjoying the amenities of the ship like the other passengers on board.

14. Plaintiff, BAKER was on an elevator headed to the Food/Buffet Restaurant on the vessel, of the SUNRISE, when as he was exiting the elevator, he slipped in a clear, liquid substance located on the floor just outside of the left side of the elevator, causing Plaintiff to slip and fall to the ground, and thereby sustain significant injuries.

15. At all material times, a dangerous and hazardous condition existed in the general common walkway described above.

16. The dangerous condition described in the preceding paragraph was not open and obvious to Plaintiff or to a reasonable passenger in Plaintiff's circumstances and was not discernible through ordinary observation.

17. A retail salesperson nearby Plaintiff's fall, contacted Security.

18. Plaintiff immediately complained of pain to the left knee he first landed on before he fell over on to his right shoulder and hip.

19. Security came to the scene and escorted Plaintiff to the infirmary, but failed to provide him with any form of transportation while he expressed he was in considerable pain.

20. The medical staff in the ship's infirmary provided Plaintiff with an ice pack and Tylenol, but refused to take x-rays or provide any other sort of medical care without Plaintiff first paying.

21. The remaining portion of his cruise, Plaintiff, could not walk without pain or participate in activities.

22. Following the incident, Plaintiff went to the Front Desk Customer Service and was informed that the incident had not been reported by Security. Plaintiff proceeded to provide the information of the incident to Defendant's Staff.

23. Upon return home, the Plaintiff immediately sought further medical care which included having to undergo a surgical procedure.

## **COUNT ONE - NEGLIGENCE**

Plaintiff re-alleges and incorporates paragraphs 1 through 23 as fully stated therein and further states:

24. At all times material, hereto, Defendant owed the Plaintiff (as a business invitees) a duty of reasonable care aboard its vessel and amenities therein

25. Defendant breached its duty of care to the Plaintiff by way of its agents, servants and/or employees, by (including, but not limited to):

a. Failing to maintain their floors in a reasonably safe condition, and by creating or allowing to exist for an unreasonable length of time a dangerous condition, to wit, clear liquid substance on the floor thereby causing the Plaintiff to slip and fall;

b. Failing to implement policies and procedures, or adhere to those policies and procedures, to maintain the floor for the safety of its passengers;

c. Failing to post warning signs of a dangerous condition;

    d.      Failing to cover the floor with appropriate safeguards about which its passengers could walk, despite its knowledge of the dangerous condition;

    e.      Failing to inspect the flooring to make sure it was properly maintained in a safe condition for its passengers to traverse;

    h.      Failing to hire sufficient personnel to maintain the floors;

    i.      Failing to hire the appropriate personnel to maintain the floors; and/or

    j.      Otherwise acting in a negligent manner with respect to the safety of the Plaintiff.

26.    As a proximate cause of the foregoing breach of duty, Plaintiff, sustained serious and permanent injuries.

27.    As a direct and proximate result of Defendant's negligence, Plaintiff was injured in and about his body and extremities and suffered pain and suffering therefrom, surgical intervention, mental anguish, disfigurement, disability, aggravation or acceleration of preexisting conditions, and the inability to lead a normal life. Furthermore, he incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of his injuries. The future medical and health care expenses are reasonably certain to occur. These damages are permanent or continuing in their nature and Plaintiff will continue to sustain and incur these damages in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant CARNIVAL for compensatory damages, interest and the costs of this action and for such other and further relief as may be deemed just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated this 24th day of November, 2025.

        KAREN B. PARKER, P.A.
        ATTORNEY FOR PLAINTIFF
        9100 So. Dadeland Blvd., Suite 514
        Miami, Florida 33156
        Telephone: (305) 400-9149
By: *Karen B. Parker*
        KAREN B. PARKER, ESQUIRE
        Florida Bar No.: 54482
        kparker@kbparkerlaw.com
        cluna@kbparkerlaw.com
        ebacker@kbparkerlaw.com


        Law Office of Tomas Hernandez, P.A.
        ATTORNEY FOR PLAINTIFF
        4909 SW 74th Court
        Miami, FL 33155
        (305) 306-6915 – Telephone
By: *Tomas R. Hernandez*
        Florida Bar No. 95598
        Pleadings Email:Tomas@Miamigolegal.com
        Secondary Email:Tony@Miamigolegal.com



August 7, 2025

**Sent via Certified Mail/Return Receipt:**
**9589 0710 5270 2013 9319 41**
**9590 9402 8928 4064 3922 57**
Carnival Corporation
d/b/a Carnival Cruise Line
**Attention: Claims**
c/o NRAI Services, Inc
1200 South Pine Island Road
Plantation, FL 33324

|   |   |   |
|---|---|---|
| RE: | Our Client: | Terrence Baker |
|  | Type of Incident: | Personal Injury |
|  | Date of Incident: | December 16, 2024 |
|  | Booking No.: | C3TX12 |
|  | Sail Date: | December 14, 2024 |
|  | Ship: | Sunrise |

Dear Sir or Madam:

    Please be advised that this office represents the above-mentioned client in connection with injuries and damages sustained as a result of negligence in failing to maintain your ship premises under reasonable and safe conditions.

    Pursuant to Florida Statute 627.4137 if you are an insurer you are hereby required to disclose within thirty (30) days of this written request, a statement under oath of a corporate officer or of your claims manager of superintendent setting forth the following information regarding each known policy of liability insurance, including umbrella insurance:

1. The name, address, and phone number of the insurer,
2. The name, address, and phone number of the insured,
3. The limits of liability,
4. A statement of any policy or coverage defenses, and
5. A copy of the policy.
6. The name of each known insurer of your policyholder
7. Med Pay information

---

4909 SW 74TH COURT, MIAMI, FLORIDA 33155
P: (305) 306-6915 | F: (786) 425-3319 | E: TOMAS@MIAMIGOLEGAL.COM

2

      Additionally, please consider this letter to be our formal request to preserve any and all evidence in this case, included but not limited to surveillance tapes from at or near the interior elevators and hallways on either floors 4 or 7 of the subject Ship, Carnival Sunrise.

      We look forward to your prompt response and thank you for your anticipated cooperation. If you have any questions or comments regarding this matter please do not hesitate to contact the undersigned.

Sincerely,

Tomas R. Hernandez, Esq.

C.C.: Terrence Baker

7:14



⚠ **CRITICAL**   1m ago
HIGH → High Glucose

 **Terrence Baker**   7:05 PM
To: terrencecadillac ›

# Fw: Terrence E / Bkg C3TX12 / Baker Sr

Information below.

Terrence Baker Jr
WWW.AHTHaiti.com

---

**From:** CabinConfirmations@carnival.com
<CabinConfirmations@carnival.com>
**Sent:** Tuesday, June 4, 2024 11:32:47 AM
**To:** OLTB@HOTMAIL.COM <OLTB@HOTMAIL.COM>
**Subject:** Terrence E / Bkg C3TX12 / Baker Sr



**GUEST CONFIRMATION**   as of 04/Jun/2024
We can't wait to welcome you on board.

| | | | |
|---|---|---|---|
| **BOOKING NO:** | C3TX12 | **EMAIL:** | OLTB@HOTMAIL.COM |
| **SAILING:** | CARNIVAL SUNRISE 14/Dec/2024 | **BOOKED BY:** | TERRENCE E BAKER JR TERRENCE E 2500 MOORE AVE BALTIMORE, MD 21234-7531 |
| **SAILING DURATION:** | 5 days | | |
| **STATEROOM:** | 6226 | | |
| **CATEGORY:** | 1A UPPER/LOWER | | |
| **GUEST:** | MR TERRENCE BAKER SR | | |

